Albee *v.* Wyman.

---

## Henry N. Albee *vs.* James Wyman.

Whether articles of separation, between husband and wife actually living apart, in which the husband covenants with a trustee to provide for the future separate maintenance of the wife, are valid in this commonwealth, *quære.*

Whether a covenant, in articles of separation, that the husband will pay an annuity to the wife during her life, is discharged by her obtaining a divorce and marrying another man, *quære.*

By articles of separation a husband covenanted, in consideration of his wife's withdrawing a libel for divorce, to pay her a sum yearly during her life. The wife afterwards, by another similar libel, obtained a decree for divorce from the bond of matrimony, and for alimony, which by agreement was fixed at the sum payable under the articles; and the wife, after receiving two instalments of such alimony, married another man, whereupon the alimony was reduced by the court to a nominal sum. *Held*, that the covenant, if ever valid, was discharged.

ACTION OF CONTRACT on an indenture, dated November 1st 1843, between the defendant, his wife Margaret Wyman, and the plaintiff, which recited that the defendant and his wife had for some time lived apart, and had mutually agreed to do so for the rest of their lives, and that the wife had agreed to with

draw a libel for divorce pending in this court, and in consid-
eration thereof the defendant had agreed to allow her $300
annually during her life for her maintenance and support; con-
tained covenants by the defendant to suffer his wife to live apart
and without molestation during their joint lives, and to pay to
her, or to the plaintiff for her use, $300 annually, in at least
semiannual payments, during her natural life ; set forth certain
conveyances from the defendant to the plaintiff for securing
that annuity; and by which the plaintiff covenanted to appro-
priate the proceeds of such securities to the payment of the
annuity, and after the death of the wife to reconvey the same
to the defendant, and also agreed in behalf of the wife that she
accepted this provision made for her support, and that the de-
fendant might in like manner live apart from her.

At the trial in this court it appeared that in 1851 the defend-
ant's wife filed a libel for divorce on the ground of adultery,
in the same words as the libel mentioned in the indenture, but
covering the subsequent time, and in January 1852 obtained
thereon a decree for divorce and alimony, and within a month
afterwards married another man ; that the securities mentioned
in the indenture had been reconveyed by the plaintiff to the
defendant; and that since the wife's second marriage, her
alimony under the decree of divorce had been reduced by the
court, on petition of the defendant, to a nominal sum.

The counsel for the wife in both libels, and who was ad-
mitted to have been authorized to act for her in the matter,
testified that while the second libel was pending he had nego-
tiations with the defendant's counsel as to the amount of ali-
mony, which was finally arranged at $300 annually, payable in
quarterly instalments, and secured to his satisfaction; that notes
for the first two instalments were given and afterwards paid by
the defendant; that no steps were taken to recover the sum stip-
ulated in the indenture until after the reduction of the alimony
as aforesaid ; and that he understood that after the decree for
alimony she was to have $300, not $600, and that he was to
give up the indenture when security was given for the alimony.

Upon this evidence, *Metcalf,* J. was of opinion that the action

could not be maintained, but reported the case for the decision of the full court.

*G. F. Homer*, for the plaintiff. 1. It is the settled law of England, that courts of law and equity will sustain the covenants of a husband with a trustee for his wife's support, in articles of separation, where the separation exists already or is to be immediate. *Rodney* v. *Chambers*, 2 East, 283. *Bateman* v. *Ross*, 1 Dow, 235. *Westmeath* v. *Westmeath*, Jac. 136. *Clough* v. *Lambert*, 10 Sim. 174. *Worrall* v. *Jacob*, 3 Meriv. 268. *Schuley* v. *Goodman*, 1 Bing. 349. *Wilson* v. *Mushett*, 3 B. & Ad. 743. *Jee* v. *Thurlow*, 2 B. & C. 547. *Wilson* v. *Wilson*, 14 Sim. 416. *Ker* v. *Ruxton*, 11 Eng. Law & Eq. 220. *Sanders* v. *Rodway*, 16 Beav. 207. *Webster* v. *Webster*, 1 Sm. & Gif. 489. Clancy on Husb. & Wife, (1st Amer. ed.) 397, 399. 2 Bright on Husb. & Wife, 305.

The English doctrine has been affirmed in the following American cases : *Page* v. *Trufant*, 2 Mass. 159. *Hollenbeck* v. *Pixley*, 3 Gray, 521. *Baker* v. *Barney*, 8 Johns. 72. *Anderson* v. *Anderson*, 1 Edw. Ch. 380. *Champlin* v. *Champlin*, Hoffm. Ch. 55. *Beach* v. *Beach*, 2 Hill (N. Y.) 260. *Carson* v. *Murray*, 3 Paige, 483. *Rogers* v. *Rogers*, 4 Paige, 516. *Shelthar* v. *Gregory*, 2 Wend. 422. *Calkins* v. *Long*, 22 Barb. 97. *Nichols* v. *Palmer*, 5 Day, 47. *Hutton* v. *Hutton*, 3 Barr, 100. *Blaker* v. *Cooper*, 7 S. & R. 500. *Reed* v. *Beazley*, 1 Blackf. 97. *Carter* v. *Carter*, 14 Sm. & Marsh, 59. *Brown* v. *Brown*, 2 Maryland Ch. 316. *Chapman* v. *Gray*, 8 Georgia, 341. *Bettle* v. *Wilson*, 14 Ohio, 257.

The compromise of a suit by the wife has been held a good consideration for such covenants, even against creditors. *Wilson* v. *Wilson*, 14 Sim. 405. *Jodrell* v. *Jodrell*, 9 Beav. 45. *Page* v. *Trufant*, 2 Mass. 159. See also 2 Bright on Husb. & Wife, 333–335; Bell on Husb. & Wife, 531–535; *Frampton* v. *Frampton*, 4 Beav. 287.

The objections against the policy of articles of separation have been fortified, if not caused, by difficulties arising from the province of the ecclesiastical courts ; by special provisions as to future separation ; and by the doctrine that after the execution

of a deed of separation the wife was to all intents a *feme sole.* And such objections are uniformly accompanied by a declaration that the validity of proper articles of separation is too clearly established to be questioned. *St. John* v. *St. John*, 11 Ves. 526. 2 Bright on Husband & Wife, 523.

2. The wife's divorce and second marriage are no bar to that action on the unqualified covenant of the husband to pay her an annuity during her life. *Jee* v. *Thurlow*, 2 B. & C. 547. *Wilson* v. *Mushett*, 3 B. & Ad. 743. *Blaker* v. *Cooper*, 7 S. & R. 500. *Babcock* v. *Smith*, 22 Pick. 61. Bishop on Mar. & Div. § 670.

3. No agreement to substitute the decree of alimony for the covenant in the articles is shown ; and if it was, it would be ineffectual without the wife's consent. *Seagrave* v. *Seagrave*, 13 Ves. 439. *Calkins* v. *Long*, 22 Barb. 109. *Eastman* v. *Wright*, 6 Pick. 322. *Grover* v. *Grover*, 24 Pick. 266.

*H. C. Hutchins*, for the defendant. 1. Articles of separation have never been recognized in this commonwealth, and the court will not adopt a policy which has always been regretted even where it has been most fully established. *Evans* v. *Evans*, 1 Hagg. Consist. 35. *Jee* v. *Thurlow*, 2 B. & C. 547. *Durant* v. *Titley*, 7 Price, 577. *St. John* v. *St. John*, 11 Ves. 526. *Westmeath* v. *Westmeath*, 1 Dow & Clark, 519. *Rodney* v. *Chambers*, 2 East, 283. *Worrall* v. *Jacob*, 3 Meriv. 268. *Jones* v. *Wait*, 7 Scott, 317. *Rogers* v. *Rogers*, 4 Paige, 516. *Champlin* v. *Champlin*, Hoffm. Ch. 55. *Heyer* v. *Burger*, Hoffm. Ch. 1. *Miller* v. *Miller*, Saxton, 386. *Hope* v. *Hope*, 22 Beav. 351. 2 Story on Eq. §§ 1427, 1428. Articles of separation have been upheld in England on account of the difficulty and expense of procuring divorces, reasons which do not exist here. *Ames* v. *Chew*, 5 Met. 320. To uphold them would allow man and wife to separate for any cause, and encourage and confirm the sep aration by a fund set apart for the purpose.

Articles in contemplation of future separation have always been held void. *Florentine* v. *Wilson*, Hill & Denio, 303. *Westmeath* v. *Salisbury*, 5 Bligh N. R. 339. And what is the difference in policy between a past and a future separation ? *Jones* v. *Wait*, 7 Scott, 317.

These articles are void because they do not show a sufficient cause for the separation. *Jones* v. *Wait*, 7 Scott, 317.

2. The agreement of the defendant to pay the annuity is based on the relation of husband and wife in a state of separation, and his duty to support her. But that *status* has been entirely changed by the divorce and second marriage, which have annulled the articles and discharged the defendant from his liability. *Charruaud* v. *Charruaud*, 1 N. Y. Leg. Obs. 134. *Hastings* v. *Orde*, 11 Sim. 205.

Reconciliation, without any act of cancellation, annuls articles of separation and rights growing out of them, even though the articles be so expressed as to provide for the wife during her life ; because such articles are based on separation, and by reconciliation new obligations arise, inconsistent with separation; *a fortiori* new obligations by divorce and second marriage. *St. John* v. *St. John*, 11 Ves. 521. *Westmeath* v. *Salisbury*, 5 Bligh N. R. 339. Shelford on Mar. & Div. 629. Clancy on Husb. & Wife, 414. *Fletcher* v. *Fletcher*, 2 Cox Ch. 99. *Bateman* v. *Ross*, 1 Dow, 235.

3. It appears from the testimony of the plaintiff's counsel that the indenture was retained only as security for the payment of the alimony ; and that being diminished to a nominal sum, no action can be maintained on the indenture to recover the annuity.

DEWEY, J. The contract sought to be enforced is one for the separate maintenance of the wife, made between husband and wife through the intervention of a trustee, in whose name this action is brought. It was an agreement for their living apart during their joint lives, and contained a covenant on the part of the husband that he would suffer this without any molestation of the wife on his part, and would pay to the plaintiff for her use $300 per annum during her life, for her maintenance and support; the wife also on her part covenanting, through the plaintiff, that she would allow the husband to live separate without molestation from her, and accepting the provision thus made for her support. It further appeared that the parties had, for some time previous to the execution of this agreement, actually lived separate and apart.

It must be assumed that such a contract would, by the well settled law of England, be held valid, although obnoxious certainly to very grave objections, arising from the relations of the respective parties and the impolicy of furnishing facilities for a continued separation of those whose solemn obligations and duties have united them as members of one family. Numerous decisions are found in different states of the Union in accordance with the English doctrine. But in the view we have taken of the merits of the case upon other points, it has become unnecessary to consider at large the question of the validity of such contracts in Massachusetts.

Assuming this contract to have been valid in its inception, the question arises whether the subsequent acts of the parties thereto have not discharged the defendant from any further liability upon this contract to make the annual payment therein stipulated.

The principal grounds of defence relied upon by the defendant are: 1st. The renewal on the part of Mrs. Wyman of her application for a divorce from the bonds of matrimony upon the alleged ground of adultery on his part, and her obtaining such decree of divorce; 2d. The subsequent marriage of Mrs. Wyman to another person, with whom she now cohabits, and who is bound to support her; 3d. The agreement and understanding of both parties that upon the obtaining of such divorce, and a decree for alimony to be paid her, such decree for alimony was in lieu of the provision for her maintenance that was contained in the articles of separation.

As to the first and second of these grounds, no controversy exists on the facts; but the question is of the legal operation of those facts. The plaintiff insists that, as matter of law, these facts do not affect the liability of the defendant to pay to his late wife the annual sum stipulated to be paid to her for her support and maintenance.

We are referred to the case of *Jee* v. *Thurlow*, 2 B. & C. 547, as sustaining the view that such subsequent divorce and marriage afterwards by the wife to another person do not discharge the former husband from a continued liability on

promise like the present. That case differs from the present in that the subsequent divorce was obtained by the husband on his application. It might properly be held that the husband could not thus defeat his own covenant to pay his wife an annual sum during her life. Again, it is to be remarked that the divorce there obtained was only a divorce *a mensa et thoro.* The relation of husband and wife still existed, though in a modified form, and the effect of the divorce was not such as to authorize the wife to marry again, and it left her equally dependent upon her husband for support as before.

The case of *Blaker* v. *Cooper,* 7 S. & R. 500, is more relied upon, and is more in point. In that case an action was sustained upon such a bond and articles of separation, in which the husband covenanted to pay a certain sum annually for the use of the wife, " during the term of her natural life," notwithstanding a subsequent divorce between the parties and her subsequent marriage to another person, the court holding that those facts did not discharge the liability of her first husband upon his bond. It does not appear from the case as reported which party applied for and obtained the divorce. Another fact however does appear, which may be thought of some importance, that, as a consideration for the agreement on the part of the husband to pay her a certain annual sum during her life, she released her right of dower in his real estate.

On the other side, the argument is pressed upon us that this agreement on the part of the husband was based upon the existing relations between the parties as husband and wife, and his duty, as long as that relation existed, to support the wife ; that the divorce of the parties from the bond of matrimony changed that relation ; and that upon such decree of divorce she would be entitled to her support and maintenance in another form, by an allowance of alimony, an allowance which might exceed in amount the sum agreed to be paid under the articles of separation, and be paid at more frequent intervals. These facts, in connection with the further fact that immediately after obtaining such divorce she had married another person, it is contended should *per se* discharge the further liability of her first husband

to pay her the annual allowance originally stipulated to be paid.

Whether these facts standing alone — that is, a mere divorce and subsequent marriage — would be held to discharge the defendant from liability in the present action, is certainly questionable. Although there are many reasons that might be urged to support that position, yet it may be that the bond is too absolute in its terms to be thus limited to the period of the continuance between the parties of the relation of husband and wife. The weight of authority, so far as presented in the argument of the case, would seem to that effect.

This has led us to consider the other portions of the defence, and those which are peculiar to the present case. The facts already alluded to are to be taken in connection with those which we are about to state. The fact, recited in this indenture as the consideration of the agreement to pay Mrs. Wyman $300 annually during her life, that the wife had agreed to withdraw a libel for divorce then pending in this court, is to be considered in deciding the question of the defendant's liability. The libel was for the time withdrawn, but the same libel, that is, a libel *in totidem verbis,* was subsequently filed anew, embracing all the allegations in the former libel, and only varied in its effect by the date, which could extend the charges to a later period of time, but included all that were set forth in the first libel. Upon obtaining a decree for divorce upon this second application, she claimed an allowance for alimony. Such alimony was allowed, and ordered to be paid her quarteryearly by the defendant. It is shown that the sum fixed to be the amount of the alimony was finally a matter of arrangement between the parties; that it was to be the same sum as was to be paid under the articles of separation, the sum of $300 annually. It is admitted that it was not an additional allowance of $300, and that it was not the expectation or understanding of the parties that Mrs. Wyman should have $300 as alimony, payable quarteryearly under this decree, and also the further sum of $300 annually under the stipulations of the articles of separation. It is conceded that only one sum of

$300 *is* properly demandable of the defendant; but it is said that the defendant failed to give security for the future payment of the alimony, although he did so as to the first two payments, which were actually received by Mrs. Wyman, and embraced more than the period before her second marriage.

As it seems to us, the wife did accept this decree for alimony in lieu of the provision for her support and maintenance in the articles of separation. She acted upon the understanding that such was to be the effect of the divorce and decree for alimony. She received the first two quarters' allowance under that decree. As it is conceded they were not both to exist as liabilities of the husband; by accepting the latter and enjoying its benefits, she discharged the former. Subsequently to the marriage of Mrs. Wyman to another husband, this court has thought proper to reduce the amount of alimony to a nominal sum, and for the reason that it was not necessary or proper to charge her former husband for her future support.

Under these circumstances, Mrs. Wyman seeks again to revive the old obligation for her maintenance, found in the articles of separation. This, we think, she cannot do. The application for a divorce and alimony was her own affair, a voluntary act of hers, instituted for her benefit. So long as she remained unmarried, no ground existed for lessening the amount of such alimony, while, of course, it was open to her application for increase for good cause. By her act of subsequent marriage, she secured herself other resources for her support, and thus voluntarily furnished the ground for the reduction of the alimony.

Upon the whole case, as disclosed by the evidence and the conceded facts, the court are of opinion that the plaintiff is not entitled to recover in this action.

*Judgment for the defendant.*